FILED

13 OCT -7 AM 10: 36

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI RAE FREDIANELLI,<br><br>                Petitioner,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT,<br><br>                Respondent. | CASE NO. 13-CV-2293-BEN (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST FOR NEXT FRIEND STATUS and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

Anthony Fedianelli has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 as "next friend" on behalf of his spouse, Kristi Rae Fredianelli, a pre-trial detainee awaiting arraignment.

## NEXT FRIEND STATUS

A person other than the detained person challenging his or her detention may file an application for a writ of habeas corpus and establish standing as a "next friend." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* There are two firmly rooted prerequisites to "next friend" standing:

> First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetency, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further

suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id.* at 163-64 (citations omitted). Here, Petitioner has not established that his spouse, Kristi Fredianelli, cannot appear on her own behalf to prosecute the action. Petitioner's implied request for next friend status is **DENIED** and the petition is **DISMISSED** for lack of standing. *See id.*; *see also* 28 U.S.C. § 2242 (An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").

## BASIS FOR PETITION

Further, because Petitioner alleges in the current petition that Ms. Fredianelli is in custody in the San Diego County Jail awaiting arraignment, 28 U.S.C. § 2241, and not 28 U.S.C. § 2254, is the proper vehicle to challenge her detention. As the Ninth Circuit has stated:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.]

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). Accordingly, if Petitioner seeks to challenge the constitutionality of her pre-trial detention, she must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition also reveals that Petitioner has failed to name a proper respondent. On federal habeas, "[t]he proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) ("A custodian 'is the person having day-to-day control over the prisoner. That person is the only one who can produce the body of the prisoner.'") (citing *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)); *see also*

*Wales v. Whitney*, 114 U.S. 564, 574 (1885) (The federal habeas corpus "provisions contemplate a proceeding against some person who has the immediate custody of the party detained with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."). The appropriate respondent where a petitioner is housed in a jail is the sheriff in charge of the facility of confinement. *See Hood v. Cal. Dep't of Corr.*, No. CIV S-08-0783, 2008 WL 1899915, at *2 (E.D. Cal. Apr. 28, 2008). Here, Petitioner has incorrectly named the San Diego Sheriff's Department as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the individual in charge of the facility in which Petitioner is presently confined. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** next friend status and **DISMISSES** the Petition without prejudice.

**IT IS SO ORDERED.**

DATED: October 3, 2013

HON. ROGER T. BENITEZ
United States District Judge